J-S07029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ALBERT CASTRO | |
| Appellant | No. 1682 MDA 2013 |

Appeal from the PCRA Order August 28, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000463-2010

BEFORE:  BENDER, P.J.E., OLSON and OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 09, 2015**

Appellant, Jose Albert Castro, appeals *pro se* from the order entered on August 28, 2013 dismissing his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously outlined the factual background of this case as follows:

> Appellant was involved in the business of selling drugs.  The decedent bought drugs from Appellant and owed him money.  Three days before the [decedent's] shooting, Appellant told a witness named Ismael Sanchez, a.k.a. Coco, that Appellant was going to kill the decedent if he did not pay Appellant.
>
> On the day of the incident, Coco watched Appellant shoot the decedent.  Also Braulio Ortiz saw Appellant walk towards the decedent and shoot him multiple times.  Medical evidence later showed the decedent died from the shooting.

*Commonwealth v. Castro*, 43 A.3d 528 (Pa. Super. 2012) (unpublished memorandum), at 1-2, *appeal denied*, 49 A.3d 441 (Pa. 2012), *cert denied*, 133 S. Ct. 871 (2013).

The procedural history of this case is as follows. On February 18, 2010, Appellant was charged via criminal information with first-degree murder[1] and third-degree murder.[2] On September 16, 2010, Appellant was found guilty of first-degree murder. On November 30, 2010, Appellant was sentenced to life imprisonment without the possibility of parole. On December 9, 2010, Appellant filed a post-sentence motion which was denied on May 6, 2011. This Court affirmed his judgment of sentence, our Supreme Court denied allocatur, and the Supreme Court of the United States denied certiorari.

On January 28, 2013, Appellant filed a *pro se* PCRA petition. Counsel was appointed. On May 6, 2013, counsel filed a no merit letter and motion to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 29, 2013, the PCRA court issued notice, pursuant to Pennsylvania Rule of Criminal Procedure 907(1), of its intent to dismiss the petition without an evidentiary hearing. On that same day, the PCRA court granted counsel's motion to withdraw. Appellant responded to the

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 2502(c).

PCRA court's Rule 907 notice on June 13, 2013, raising PCRA counsel's ineffectiveness in multiple areas. On August 28, 2013, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal.[3] On August 13, 2014, this Court dismissed the appeal because Appellant failed to file a brief. On August 28, 2014, this Court reinstated the appeal.

Appellant presents one issue for our review:

> Did the PCRA court err in dismissing the petition without a hearing, and was PCRA counsel ineffective, where Appellant raised a meritorious issue of trial counsel's ineffectiveness for failing to present exculpatory evidence to the jury?

Appellant's Brief at 4 (complete capitalization removed).

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

---

[3] On September 24, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On October 17, 2013, Appellant filed his concise statement. On November 22, 2013, the PCRA court issued its Rule 1925(a) opinion. In its brief, the Commonwealth contends that Appellant's lone issue on appeal was not included in his concise statement. Although the wording of the question presented by Appellant differs from the wording used in his concise statement, a fair reading of the concise statement includes Appellant's lone issue raised on appeal. Therefore, Appellant's lone issue is not waived for appellate review. ***Cf. Pa. Nat'l Mut. Cas. Ins. Co. v. St. John***, 2014 WL 7088712, *24 n.7 (Pa. Dec. 15, 2014).

Appellant's lone claim on appeal is that his trial counsel rendered ineffective assistance.[4] Our Supreme Court has explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.
>
> A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Appellant argues that his trial counsel was ineffective for failing to show the jury videos taken by cameras owned by the Community Progress Council. He argues those videos show a different individual at the crime scene immediately after the murder occurred. This claim is without arguable merit. The certified record reflects that two videos taken from the Community Progress Council were played for the jury and that the third camera was broken and did not produce any relevant recording. N.T.,

---

[4] Appellant also claims his PCRA counsel rendered ineffective assistance by failing to pursue the claim of his trial counsel's ineffectiveness. As we conclude that trial counsel rendered effective assistance, PCRA counsel was not ineffective for failing to pursue this claim. *See Commonwealth v. Perez*, 103 A.3d 344, 350 (Pa. Super. 2014).

9/14/10, at 300-303;[5] N.T., 9/15/10, at 348-351, 354-355; Defendant's Exhibits 1 and 2. As the jury saw the videos, Appellant's claim that his trial counsel was ineffective for failing to present the videos to the jury is without arguable merit. Furthermore, as the jury saw the videos, Appellant is unable to prove the requisite prejudice to prevail on an ineffective assistance of counsel claim.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015

---

[5] The notes of testimony from the trial are contained in one volume. We cite to the correct date and the page number as reflected in the single volume.